**JIAN ZHONG HE, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 03–40947–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

Yan Wang, New York City, New York, for Appellant.

Glenn T. Suddaby, United States Attorney, Northern District of New York, Albany, New York William C. Pericak, Assistant United States Attorney, Northern District of New York Thomas A. Capezza, Assistant United States Attorney, Northern District of New York, for Appellee, of counsel.

Present: CARDAMONE, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED and the decision of the BIA be and it hereby is AFFIRMED.

Jian Zhong He, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Although judicial review is ordinarily confined to the decision of the BIA, the Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d, 279, 287 (2d Cir.2000)). This Court also uses the substantial evidence standard to review credibility determinations, and its review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) *(per curiam)*. With respect to credibility, "[w]here an applicant's testimony is generally consistent, rational, and believable, disparities ... need not be fatal to credibility, especially if the errors are relatively minor and isolated." *Diallo*, 232 F.3d at 288. However, an inability to provide a consistent testimony regarding important dates is not considered a minor

or isolated error. *See Lin v. U.S. Dept. of Justice,* 413 F.3d 188, 190 (2d Cir.2005).

■■■ In this case, the IJ's adverse credibility determination is substantially supported by the record as a whole. The record supports the IJ's finding that the following discrepancies, inconsistencies, and implausible statements caused Yang's testimony not to be credible: (1) He's testimony regarding the dates of the forced sterilization of his wife were internally contradictory and inconsistent with the date provided in his wife's letter; (2) He testified that he had gone into hiding at his sister's house in 1991, but his sister's letter made no mention of this; (3) He's claim that his house was destroyed is inconsistent with the return address on his wife's letter, which is the address of that house; and (4) He refused to directly answer questions from the IJ regarding whether he had any trouble with the authorities between the alleged 1994 forced sterilization and the population check in August 2000. Because He did not raise the issue of relief under the CAT in his appellate brief, he has waived any challenge to the IJ's finding with respect to that issue. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545, n. 7 (2d Cir.2005); *LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir. 1995) (holding that an issue is abandoned when not raised in an appellate brief).

For the foregoing reasons, the petition for review is DENIED and the BIA's order is AFFIRMED.